_____

IN THE UNITED STATES DISTRICT COURT

DISTRICT OF UTAH

| | |
|---|---|
| J.K. and K.K.,<br><br>    Plaintiffs,<br><br>v.<br><br>ANTHEM BLUE CROSS AND BLUE SHIELD and GENERAL DYNAMICS CORPORATION and THE GENERAL DYNAMICS CORPORATION ANTHEM BCBS PREMIUM HSA AND THE PREMIUM PLUS HSA BENEFITS PLAN,<br><br>    Defendants. | **MEMORANDUM DECISION AND ORDER**<br><br>Case No. 2:22-cv-00370 JNP<br><br>Judge Jill N. Parrish |

    Plaintiffs J.K. and K.K. brought this action against Anthem Blue Cross and Blue Shield ("Anthem"), the General Dynamics Corporation ("General Dynamics") and the General Dynamics Corporation Anthem BCBS Premium HSA & Premium Plus HSA Benefits Plan ("the Plan") (collectively, "Defendants"), after they failed to pay for treatment K.K. received in Utah.

    This matter is before the court on defendants' Motion to Transfer Venue to the Eastern District of Virginia (ECF No. 22). Pursuant to local rule 7-1(g) of the United States District Court for the District of Utah Rules of Practice, the court elects to determine the motion on the basis of the written memoranda and finds that oral argument would not be helpful or necessary. DUCivR 7-1(g).

## BACKGROUND

    The Plan is a self-funded employee welfare benefits plan under 29 U.S.C. § 1001 *et seq.*, the Employee Retirement Income Security Act of 1974 ("ERISA"). (ECF No. 2, Compl. ¶ 5).

General Dynamics, the designated administrator for the Plan, is located in the Eastern District of Virginia. (*Id*. ¶ 3). Defendant Anthem, located in Albany, New York, is the third-party claims administrator for the Plan. (*Id*. ¶ 2).

Plaintiff J.K. was a Plan participant. (*Id*. ¶ 5). K.K, the daughter of J.K., was a beneficiary of the Plan. (*Id*.). J.K. and K.K. are residents of Chatham County, Georgia. (*Id*. ¶ 1). From May 28, 2020, to October 9, 2020, and then again from November 8, 2020, to February 28, 2021, K.K. received treatment at Cascade Academy, LLC ("Cascade"), a licensed residential treatment facility located in Wasatch County, Utah. (*Id*. ¶ 6).

Anthem denied payment for K.K.'s treatment at Cascade, determining that treatment at a residential treatment center was not medically necessary. (*Id*. ¶¶ 7, 35). The medical necessity determination and denial of benefits by Anthem did not occur in Utah, but rather in Albany, New York. (ECF No. 22-A, Benefits Denial Letter). After exhausting the Plan's mandatory appeals, Plaintiffs filed this lawsuit in the United States District Court for the District of Utah for recovery of benefits pursuant to 29 U.S.C. § 1132(a)(1)(B), for alleged violations of the Mental Health Parity and Addiction Equity Act of 2008 (the "Parity Act") under 29 U.S.C. § 1132(a)(3), and for an award of statutory damages against General Dynamics pursuant to 29 U.S.C. § 1132(c) for its alleged failure to timely produce required documentation. (ECF No. 2, Compl. ¶ 11).

Defendants now request a venue transfer pursuant to 28 U.S.C. § 1404(a), arguing that the Eastern District of Virginia is a closer and more convenient venue for all parties and witnesses. For the reasons set forth below, the court GRANTS Defendants' motion to transfer venue.

## **DISCUSSION**

This court has broad discretion to grant a motion for change of venue. *Stewart Organization, Inc. v. Ricoh Corp.*, 487 U.S. 22, 28 (1988). Section 1404 of Title 28 provides: "For the convenience

of the parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought or to any district or division to which all parties have consented." 28 U.S.C. § 1404(a). "The party moving to transfer a case pursuant to § 1404(a) bears the burden of establishing that the existing forum is inconvenient." *Chrysler Credit Corp. v. Country Chrysler, Inc.*, 928 F.2d 1509, 1515 (10th Cir. 1991). "Merely shifting the inconvenience from one side to the other, however, obviously is not a permissible justification for a change of venue." *Employers Mut. Cas. Co. v. Bartile Roofs, Inc.,* 618 F.3d 1153, 1167 (10th Cir. 2010) (internal quotation marks omitted). A district court analyzing whether a movant has met its burden should consider:

> [T]he plaintiff's choice of forum; the accessibility of witnesses and other sources of proof, including the availability of compulsory process to insure attendance of witnesses; the cost of making the necessary proof; questions as to the enforceability of a judgment if one is obtained; relative advantages and obstacles to a fair trial; difficulties that may arise from congested dockets; the possibility of the existence of questions arising in the area of conflict of laws; the advantage of having a local court determine questions of local law; and, all other considerations of a practical nature that make a trial easy, expeditious and economical.

*Chrysler Credit Corp.,* 928 F.2d at 1516 (quoting *Texas Gulf Sulphur Co. v. Ritter,* 371 F.2d 145, 147 (10th Cir. 1967)).

The threshold inquiry in a § 1404(a) analysis is whether the action could have originally been brought in the proposed transferee district. Under 29 U.S.C. §1132(e)(2), an ERISA action may be brought "in the district where the plan is administered, where the breach took place, or where a defendant resides or may be found." *Id.* In this case, there is no dispute that the action could have originally been brought in the Eastern District of Virginia.

Therefore, the sole issue is whether the Eastern District of Virginia is a more appropriate forum under the factors set forth above. Of these factors, the court is not aware of any significant

3

or material difference between the District of Utah and the Eastern District of Virginia with respect to the enforceability of a judgment or the ability of the parties to receive a fair trial. Additionally, because this is a federal case involving the application of federal law, concerns regarding conflict of laws and the interpretation of local laws are not present. *See IHC Health Servs. Inc. v. Eskaton Properties*, No. 2:16-cv-3-DN, 2016 WL 4769342, *8 (D. Utah Sept. 12, 2016).

Accordingly, the court addresses the remaining relevant factors to determine whether this case should be transferred for fairness and convenience.

Plaintiffs' Choice of Forum

"Unless the balance is strongly in favor of the movant, the plaintiff's choice of forum should rarely be disturbed." *Employers Mut. Cas. Co. v. Bartile Roofs, Inc.*, 618 F.3d 1153, 1167 (10th Cir. 2010). "The plaintiff's choice of forum receives less deference, however, if the plaintiff does not reside in the district." *Id.* "Courts also accord little weight to a plaintiff's choice of forum where the facts giving rise to the lawsuit have no material relation or significant connection to the plaintiff's chosen forum." *Id.* (internal quotation marks omitted).

In the context of ERISA, this court has routinely declined to defer to a plaintiff's choice of forum where the location of plaintiff's treatment was the only connection to the forum. As this court previously explained:

> [T]he plaintiffs reside [in another forum], and though [plaintiff] received medical treatment in this district, the actual facts that give rise to a claim under § 1132(a)(1)(B) are not the facts of treatment. Rather, a claim for benefits asks a court to review an administrator's denial of benefits – and disposition of any subsequent appeals – on the basis of the information the administrator was provided alongside the relevant terms of the plan document. On the basis of the complaint, those events did not take place in this district.

*Richard T.B. v. United Healthcare Insurance Co.*, No. 2:18-cv-73-JNP, 2019 WL 145736, at *3 (D. Utah Jan. 9, 2019) (assigning "little weight" to plaintiff's choice of forum where plaintiff's only

connection to Utah was medical treatment in the district); *see also, e.g., Rula A.-S. v. Aurora Health Care,* Slip Copy, No. 2:19-cv-00982-DAO, 2020 WL 7230119, *3 (D. Utah Dec. 8, 2020) (declining to defer to plaintiffs' choice of forum and transferring case where District of Utah's only connection to facts was location of treatment); *Michael M. v. Nexen Pruet Group Medical & Dental Plan,* No. 2:17-cv-01236-TS, 2018 WL 1406600, at *5 (D. Utah Mar. 19, 2018) (finding plaintiffs' choice of forum "not controlling" because only connection to Utah was medical treatment in Utah); *IHC Health Servs. Inc. v. Eskaton Properties*, No. 2:16-cv-3-DN, 2016 WL 4769342, at *9 (D. Utah Sept. 12, 2016) (concluding that plaintiff's choice of forum was "not a controlling factor" where Utah lacked any significant connection with the operative facts of the case other than the location of medical treatment).

In this case, K.K.'s treatment in Utah provides the only connection to this forum.[1] None of the parties reside in Utah.[2] The Plan was not administered in Utah. The alleged breaches did not occur in Utah. The decision to deny benefits was not made in Utah. Under these circumstances, and in accord with persuasive and applicable authority, Plaintiffs' choice of forum is entitled to little weight and is not controlling.

Plaintiffs argue that their choice of forum should be given deference because the District of Utah is more familiar with cases like Plaintiffs' case because Plaintiffs' counsel, Mr. Brian S. King,

---

[1] "The fact that [Plaintiffs'] counsel is located in Utah is also of no importance, as 'the convenience of counsel is irrelevant and should not be considered in evaluating whether transfer is proper under § 1404(a).'" *IHC Health Servs., Inc.,* 2016 WL 4769342, at *8 (quoting *David L. v. McGraw-Hill Companies, Inc. Group Health Plan*, 2014 WL 1653197, *2 (D. Utah Apr. 23, 2014)).

[2] Plaintiffs argue that because General Dynamics has an extensive business presence in Utah, venue transfer is improper. However, Plaintiffs provide no authority, and this court has found none, that a Plan administrator's "significant business presence" in a state is enough to be considered a meaningful connection for purposes of Plaintiffs' ERISA and Parity Act claims.

files the majority of his ERISA and Parity Act claims in the District of Utah. Plaintiffs further argue that it is more likely that Plaintiffs' privacy will be preserved if the case is litigated in Utah because it is farther away from Plaintiffs' home state of Georgia.

The court is unpersuaded by either argument. There is no evidence that the Eastern District of Virginia is less equipped to handle ERISA cases than the District of Utah or that there are not sufficient privacy safeguards to protect Plaintiffs' identity. Indeed, the Eastern District of Virginia provides comparable procedures for protection of sensitive, confidential information – such as permitting filing documents under seal – as those available in the District of Utah. Accordingly, Plaintiffs have failed to show that their choice of forum outweighs any other consideration in the transfer analysis.

Accessibility of Witnesses and Other Sources of Proof

"The convenience of witnesses is the most important factor in deciding a motion under § 1404(a)." *Employers Mut. Cas. Co. v. Bartile Roofs, Inc.*, 618 F.3d 1153, 1169 (10th Cir. 2010) (internal quotation marks omitted). However, the convenience of witnesses is not as important in ERISA cases since the court's review is generally limited to the administrative record. *See Michael M.*, 2018 WL 1406600, at *5 (citing *IHC Health Servs., Inc.*, 2016 WL 4769342, at *9). "Nevertheless, to the extent witnesses may be required, courts have concluded the relevant witnesses in ERISA cases are those involved in administering the plan and denying the claims." *Rula A.-S.*, 2020 WL 7230119, at *4. Here, the relevant witnesses and documents involved in administering the Plan are located where the Plan was administered by General Dynamics in the Eastern District of Virginia. The relevant witnesses and documents involved in denying Plaintiffs' claims are located in Albany, New York, where Anthem resides. Because the relevant witnesses

and other sources of proof are on the East Coast, this factor weighs in favor of transferring the case to the Eastern District of Virginia.

The fact that Plaintiffs have also asserted a claim pursuant to the Parity Act does not alter the analysis. The Parity Act requires plans to ensure that "treatment limitations applicable to [ ] mental health or substance use disorder benefits are no more restrictive than the predominant treatment limitations applied to substantially all medical and surgical benefits covered by the plan." 29 U.S.C. § 1185a(a)(3)(A)(ii). The operative facts for a Parity Act claim "center on the plan itself and the administrator's application of the plan. Although additional discovery beyond the administrative record may be available for a Parity Act claim, the relevant issues are the policies and decisions of the administrator and the information considered by the administrator." *Rula A.-S. v. Aurora Health Care*, 2020 WL 7230119, at *4. "The sources of proof on those issues are in [the particular forum] where the Plan is administered." *Id.*

Plaintiffs argue that the Parity Act claim is likely to revolve around a comparative analysis between the written guidelines defendants apply to residential treatment facilities versus the written guidelines of defendants. Plaintiffs urge that because they have already sought out expert witnesses in Utah who can speak to the Parity Act claim, the court should deny defendants' motion. Moreover, plaintiffs argue that Utah provides more convenient access to experts who may need to opine on the treatment K.K. received in Utah, the state where treatment is at issue.

The court is not convinced. The Parity Act claims require an assessment whether the "processes, strategies, evidentiary standards, or other factors" used to apply the limitations are comparable for both mental health and medical or surgical benefits. 29 C.F.R. § 2590.7121(4)(i). Thus, the key evidence will "center on the *Plan's* terms denying coverage" for treatment and "the way in which *Defendants* applied their criteria to deny [Plaintiffs'] claims." *Scott M. v. Cigna*

7

*Health & Life Ins. Co.*, No. 4:21-cv-00007, 2021 WL 3194732 at *5 (D. Utah July 28, 2021). The "evidence will largely be derived from *Defendants'* documents and witnesses, which have no connection to Utah," *id.*, and little, if anything, to do with the treatment actually afforded K.K. Simply put, Plaintiffs' argument does not weigh in favor of transfer.

### Cost of Making Necessary Proof

Plaintiffs argue that the cost of making necessary proof weighs in favor of keeping the case in Utah. Specifically, plaintiffs argue that transferring the case would increase J.K.'s personal costs as his counsel will have to travel to litigate the case.

The court is again unpersuaded by Plaintiffs' argument. "This court is unaware of any case in which a court deferred to a plaintiff's choice of forum based solely on the alleged heightened travel expenses of plaintiff's counsel if the case were transferred, and this court declines to be the first." *T.S. v. Anthem Blue Cross Blue Shield*, 2:22-cv-202-DAK, 2023 WL 2164401, at *4 (D. Utah Feb. 22, 2023). Even if the court were to consider Plaintiffs' argument, it is not clear how this factor will reduce Plaintiffs' overall net costs, as all other witnesses, including Plaintiffs, must travel to Utah to litigate the case. Moreover, this calculus does not take into consideration whether any hearing will be held via videoconference in lieu of in person. While Plaintiffs claim that the cost of making the necessary proof weighs in favor of denying the motion to transfer, it is unclear whether that assertion is indeed accurate.

### Docket Congestion

Both parties concede that the Eastern District of Virginia has a less congested docket than the District of Utah. Accordingly, this factor weighs in favor of transfer.

Other Practical Considerations

"[C]onvenience is not the only policy underlying § 1404(a): the interest of justice in the proper venue should not be forgotten." *Michael M.*, 2018 WL 1406600, at *7 (quoting *Danny P. v. Catholic Health Initiatives*, No. 1:14-cv-22-DN, 2015 WL 164183, at *3 (D. Utah Jan. 13, 2015)). Under a practical consideration of all the facts, the Eastern District of Virginia is the forum with the greatest connection to the operative facts of this case and is the most appropriate forum. As previously stated, none of the parties in this case reside in Utah. The Plan was not administered, adjudicated, or breached in Utah. Conversely, Plaintiffs reside in Georgia. The Plan resides in the Eastern District of Virginia, which is significantly closer to where the medical necessity determination and denial of benefits by Anthem was made in Albany, New York. In short, the practical considerations and the interests of justice weigh in favor of transferring the case to the Eastern District of Virginia.

## **CONCLUSION**

For the reasons articulated, Defendants' Motion to Transfer Venue (ECF No. 22) is GRANTED.

IT IS HEREBY ORDERED AS FOLLOWS: The Clerk of the Court is directed to transfer this action to the United States District Court for the Eastern District of Virginia.

Dated this 26th day of September, 2023.

BY THE COURT:

_____
JILL N. PARRISH
United States District Court Judge